IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darla V.,

          Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

          Defendant.

Case No. 2:22-cv-2175
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

<u>Opinion and Order</u>

Plaintiff Darla V. brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. This matter is before the Court for consideration of the plaintiff's objections to the Magistrate Judge's Report and Recommendation, which recommended that the Court affirm the Commissioner's decision.

Plaintiff filed her application for disability benefits on December 26, 2018. She alleges that she has physical impairments due to a right shoulder injury, as well as mental health issues involving depression and anxiety.

Adopting the findings of the Administrative Law Judge, the Appeals Council determined that plaintiff has physical limitations with respect to lifting weight, frequent use of her right arm and hand, and reaching overhead, among other limitations regarding the use of her right arm and hand. Doc. 18 at PAGEID 7003. It also found that her mental health symptoms are "well-controlled on a conservative course of treatment." *Id.* at PAGEID 7004. It concluded that plaintiff has the residual functional capacity to perform light work.

In her statement of errors, plaintiff asserted that the ALJ erred by failing to give proper weight to certain medical and mental health opinions. Plaintiff argued that the ALJ did not consider the supportability and consistency factors in evaluating those opinions, as required by 20 C.F.R. §404.1520c.

The Magistrate Judge's Report and Recommendation thoroughly reviewed the record and explained how the ALJ considered the supportability and consistency factors with respect to each

1

opinion at issue.  The Magistrate Judge found that the ALJ had detailed substantial evidence for determining that the opinions were unpersuasive.

The Report and Recommendation contained the following statement concerning the procedure for objections:

> If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those **specific proposed finding or recommendations to which objection is made**, together with supporting authority for the objection(s).  A District Judge of this Court shall make a de novo determination of **those portions of the Report or specific proposed findings or recommendations to which objection is made**.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Doc. 18 at PAGEID 7015 (emphasis added).

Plaintiff has filed purported "objections" to the Report and Recommendation.  However, her memorandum in support does not state a single objection to a specific proposed finding or recommendation of the Magistrate Judge, nor does it attempt to demonstrate how the Magistrate Judge's recommendation was erroneous.  Indeed, plaintiff's memorandum wholly fails to even discuss the Report and Recommendation.  Plaintiff's memorandum instead recites the statement of errors relating to the ALJ's decision and directs the Court to refer back to the arguments made in support of the statement of errors.  *See* Doc. 19 at PAGEID 7017.

The Court finds that plaintiff has not properly objected to the Report and Recommendation. Plaintiff fails to articulate any specific objection to the Magistrate Judge's analysis of the ALJ's consideration of the supportability and consistency factors.  That plaintiff labeled her filing "objections" to express a general disagreement with the Report and Recommendation does not suffice.  It is well settled that "merely express[ing] a general disagreement with the magistrate judge's legal analysis," is not sufficient to preserve objections to a magistrate judge's recommendation. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).  "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Id.* (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)) (quotations omitted).

By failing to identify any specific finding or recommendation of the Magistrate Judge to which she objects, plaintiff has waived her right to a de novo review by this Court. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("[F]ailure to file specific objections to a magistrate [judge's] report constitutes a waiver of those objections, and the Court is not required to conduct a de novo review of the issues addressed by the magistrate judge.").

Even assuming arguendo that plaintiff has raised an objection through general reference to her argument that the ALJ failed to apply the supportability and consistency factors, the Court would overrule her objection. The Court finds that the Report and Recommendation correctly analyzes the ALJ's consideration of those factors and that it is well-supported as a matter of law and fact.

Accordingly, the Court OVERRULES plaintiff's objections (doc. 19), ADOPTS the Report and Recommendation (doc. 18), and AFFIRMS the Commissioner's decision.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 19, 2023